UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **GC SERVICES LIMITED PARTNERSHIP**, <br><br> Defendant. | Civil Action No. 17-461 |

**COMPLAINT FOR CIVIL PENALTIES, INJUNCTIVE RELIEF, AND OTHER RELIEF**

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("FTC"), pursuant to Section 16(a)(1) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 56(a)(1), for its Complaint alleges:

1. This is an action arising under Sections 5(a), 5(m)(1)(A), 13(b), and 16(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), and 56(a), and Section 814 of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692*l*, to obtain civil penalties, a permanent injunction, disgorgement of ill-gotten monies, restitution, rescission or reformation of contracts, and other equitable relief for Defendant's violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FDCPA, 15 U.S.C. §§ 1692-1692p, in connection with the collection of consumer debt.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345, and 15 U.S.C. §§ 45(a), 53(b), and 1692*l*.

3. Venue in this district is proper under 28 U.S.C. §§ 1391(b)(1), (b)(2), (c)(2), and (d), and 15 U.S.C. § 53(b).

## PLAINTIFF

4. This action is brought by the United States of America on behalf of the Federal Trade Commission. The FTC is an independent agency of the United States government created by statute. 15 U.S.C. §§ 41-58. The FTC enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair and deceptive acts or practices in or affecting commerce. The FTC also enforces the FDCPA, 15 U.S.C. §§ 1692-1692p, which prohibits deceptive, abusive, and unfair collection practices.

## DEFENDANT

5. Defendant GC Services Limited Partnership is a Delaware limited partnership with its principal place of business located at 6330 Gulfton Street, Houston, Texas. At all times relevant to this Complaint, GC Services Limited Partnership has transacted business in this District and throughout the United States. Defendant is a "debt collector" as defined in Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

## DEFINITIONS

6. The term "consumer," as used in this Complaint means any natural person obligated or allegedly obligated to pay any debt, as "debt" is defined in Section 803(5) of the FDCPA, 15 U.S.C. § l692a(5).

7. The term "debt", as used in this Complaint means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as defined in Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5).

8. The term "location information," as used in this Complaint means a consumer's place of abode and the consumer's telephone number at such place, or the consumer's place of employment, as defined in Section 803(7) of the FDCPA, 15 U.S.C. § 1692a(7).

## COMMERCE

9. At all times material to this Complaint, Defendant has maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANT'S BUSINESS PRACTICES

10. From its offices throughout the United States, Defendant engages in consumer debt collection activities throughout the country. In 2014, Defendant serviced a portfolio of over 2 million accounts. In 2014, Defendant collected approximately $1.2 billion in gross collections from consumers and had gross revenues of approximately $133 million. In 2014, Defendant had over 7,600 employees, of whom approximately 1,400 were involved in collections.

11. Defendant provides third-party debt collection services for entities in several different sectors, including banking, financial, retail, telecommunications, utilities and governmental entities. For its governmental clients, Defendant collects taxes, monies owed to courts, and student loans.

12. Student loan debt is a large and growing segment of the debt collection industry. Over 40 million consumers have outstanding student loan debt, carrying an average balance of $29,000. Student loan debt is second only to mortgage debt and surpasses home equity loans, lines of credit, credit cards, and automotive debt.

13. Defendant regularly attempts to collect debts by contacting consumers by telephone, U.S. mail, and other instrumentalities of interstate commerce.

14. In numerous instances, Defendant has left messages on the voicemail, answering machine, or messaging service of persons, in which Defendant discloses debts to third parties.  Defendant divulges that:  (1) it is calling in connection with the collection of debt; and (2) the name of the consumer.  For example, in numerous instances, Defendant has left such messages even though the voicemail, answering machine, or messaging service greeting either does not give the name of any person (*e.g.*, "You have reached 555-1234.  Please leave a message.") or announces that the voicemail, answering machine, or messaging service is for a person other than the consumer whom Defendant is trying to reach.  In many instances, individuals other than the consumer hear the message, thereby disclosing consumers' alleged debts to persons other than the consumer without the prior consent of the consumer.

15. In numerous instances, when Defendant has called persons to collect a debt, the persons have told Defendant that they are not the individuals who owe the debts that Defendant is attempting to collect.  For example, consumers frequently have informed Defendant that they do not owe the debt, that they are not the individuals Defendant is attempting to contact, or that the individuals Defendant is attempting to contact cannot be reached at that number.  In numerous of these instances, despite being so informed, Defendant has continued to call these persons in an attempt to collect the debts.  In numerous of these instances, Defendant has done so without obtaining new or additional information bearing on whether placing additional calls to that telephone number will result in reaching the consumer Defendant is trying to reach.

16. In numerous instances, when Defendant has contacted persons to collect debts, and the persons have told Defendant they are not the individuals who owe the debt, Defendant has represented to those persons that it will no longer contact them to collect the debts at issue or that it will take steps to ensure that it will no longer do so.  For example, Defendant often has represented that it will remove the phone numbers from its call lists and/or database, or that it will look into why it was calling the wrong number.  In numerous instances, Defendant has not taken the necessary or promised steps, and Defendant has continued to contact many of these same persons even after representing that it would not do so.  Because of Defendant's misrepresentations, some consumers to whom Defendant has made these representations have chosen not to invoke their rights under Section 805(c) of the FDCPA, 15 U.S.C. § 1692c(c), to demand that Defendant cease further communication with them with respect to such debts.

17. In numerous instances, Defendant has telephoned persons other than the consumers more than once for the purposes of acquiring location information for consumers, even though: (i) the persons have not requested additional calls; and (ii) it is not reasonable for Defendant to believe that the person's previous denial of knowledge of the consumer or the consumer's location was erroneous or incomplete or that the person subsequently obtained correct or complete location information.

## VIOLATIONS OF SECTION 5 OF THE FTC ACT

18. Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce."

19. Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

## COUNT I
## Deceptive Representations About Future Calls

20. In numerous instances, in connection with the collection of debts, through the means described in Paragraph 16, Defendant has represented, directly or indirectly, expressly or by implication, that:

    a. Defendant will take steps to prevent the placement of calls to telephone numbers to collect debts, after the persons at those numbers stated that the numbers are not consumers' numbers; and

    b. Defendant will not place calls to telephone numbers to collect debts, after the persons at those numbers stated that the numbers are not consumers' numbers.

21. In truth and in fact, in numerous instances in which Defendant has made the representations set forth in Paragraph 20 of this Complaint:

    a. Defendant has not taken steps to prevent the placement of calls to telephone numbers to collect debts, after the persons at those numbers stated that the numbers are not consumers' numbers; and

    b. Defendant has placed calls to telephone numbers to collect debts, after the persons at those numbers stated the numbers are not consumers' numbers.

22. Therefore, Defendant's representations as set forth in Paragraph 20 of this Complaint are false or misleading and constitute deceptive acts and practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. In 1977, Congress passed the FDCPA, 15 U.S.C. §§ 1692 *et seq.*, which became effective on March 20, 1978, and has been in force since that date. Section 814(a) of the FDCPA, 15 U.S.C. § 1692*l*(a), provides that a violation of the FDCPA shall be deemed

an unfair or deceptive act or practice in violation of the FTC Act.  Section 814(a) of the FDCPA, 15 U.S.C. § 1692*l*(a), also authorizes the Federal Trade Commission to use all of its functions and powers under the FTC Act to enforce compliance with the FDCPA by any debt collector, irrespective of whether that debt collector is engaged in commerce or meets any other jurisdictional tests set by the FTC Act.  The authority of the Federal Trade Commission in this regard includes the power to enforce the provisions of the FDCPA in the same manner as if the violations of the FDCPA were violations of an FTC trade regulation rule.

24. Section 804(3) of the FDCPA, 15 U.S.C. § 1692b(3), prohibits debt collectors from communicating with persons other than consumers for the purpose of acquiring location information about consumers more than once without a reasonable belief that the earlier responses of such persons were erroneous or incomplete and that such persons now have correct or complete location information.

25. Section 805(b) of the FDCPA, 15 U.S.C. § 1692c(b), prohibits communications about a debt with any person other than the consumer or the consumer's attorney, a consumer reporting agency, the creditor or the creditor's attorney, or the debt collector's attorney except as allowed by Section 804 of the FDCPA, with the permission of the consumer or a court of competent jurisdiction, or as reasonably necessary to effectuate postjudgment relief.  For the purpose of Section 805(b), Section 805 of the FDCPA defines the term "consumer" to include "the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator."

26. Section 807(10) of the FDCPA, 15 U.S.C. § 1692e(10), prohibits debt collectors from using false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

27. Pursuant to Section 814(a) of the FDCPA, 15 U.S.C. § 1692*l*(a), a violation of the FDCPA constitutes an unfair or deceptive act or practice in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## COUNT II
### Repeat Calls to Persons Not Consumers

28. In numerous instances, in connection with the collection of debts, through the means described in Paragraph 17, Defendant has communicated with persons other than consumers, for the purpose of acquiring location information about consumers, more than once without a reasonable belief that the earlier responses of such persons were erroneous or incomplete and that such persons now have correct or complete location information, in violation of Section 804(3) of the FDCPA, 15 U.S.C. § 1692b(3).

## COUNT III
### Unlawful Third-Party Communications

29. In numerous instances, in connection with the collection of debts, through the means described in Paragraph 14, Defendant has communicated with persons other than the consumer, the consumer's attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, the attorney of the debt collector, the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator for purposes other than acquiring location information about the consumer, without having obtained directly the prior consent of the consumer or the express permission of a court of competent jurisdiction, and when not reasonably necessary to

effectuate a postjudgment judicial remedy, in violation of Section 805(b) of the FDCPA, 15 U.S.C. § 1692c(b).

## COUNT IV
## False or Misleading Representations

30. In numerous instances, through the means described in Paragraph 16, Defendant has used false, deceptive, or misleading representations or means in connection with the collection of debts, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e, including, but not limited to, the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, in violation of Section 807(10) of the FDCPA, 15 U.S.C. § 1692e(10).

## CONSUMER INJURY

31. Consumers have suffered and will continue to suffer substantial injury as a result of Defendant's violations of the FTC Act and the FDCPA.  In addition, Defendant has been unjustly enriched as a result of its unlawful acts or practices.  Absent injunctive relief by this Court, Defendant is likely to continue to injure consumers, reap unjust enrichment, and harm the public interest.

## INJUNCTIVE AND OTHER EQUITABLE RELIEF FOR VIOLATIONS OF THE FTC ACT AND FDCPA

32. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and such other relief as the Court may deem appropriate to halt and redress violations of any provision of law enforced by the FTC.  This Court, in the exercise of its equitable jurisdiction, may award ancillary relief, including rescission or reformation of contracts, restitution, the refund of money paid, and the disgorgement of ill-gotten monies, to prevent and remedy any violation of any provision of law enforced by the FTC.

9

## CIVIL PENALTIES FOR VIOLATIONS OF THE FDCPA

33. Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), and Section 814(a) of the FDCPA, 15 U.S.C. § 1692*l*(a), authorize the Court to award monetary civil penalties for violations of the FDCPA when such violations were committed with actual knowledge or knowledge fairly implied on the basis of objective circumstances as set forth in Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A).  Defendant's violations of the FDCPA, as described above, were made with actual knowledge or knowledge fairly implied on the basis of objective circumstances, as set forth in Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A).  The maximum penalty amount was adjusted from $16,000 to $40,000 per violation as of August 1, 2016, pursuant to the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015, Pub. L. 114-74 § 701 (further amending the Federal Civil Penalties Inflation Adjustment Act of 1990), and Federal Trade Commission Rule 1.98, 16 C.F.R. § 1.98, 81 Fed. Reg. 42,476 (June 30, 2016).

34. Each instance in which Defendant has failed to comply with the FDCPA in one or more of the ways described above constituted a separate violation of the FDCPA for the purpose of assessing monetary civil penalties.  Plaintiff seeks monetary civil penalties for every separate violation of the FDCPA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the United States of America, pursuant to 15 U.S.C. §§ 45(m)(1)(A), 53(b), 1692*l*, and the Court's equitable powers, requests that the Court:

1. Enter a permanent injunction to prevent future violations of the FTC Act and the FDCPA by Defendant;

2. Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendant's violations of the FTC Act and the FDCPA, including but not limited to rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies;

3. Award Plaintiff monetary civil penalties for each violation of the FDCPA as alleged in this Complaint; and

4. Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

DATED:  February 14, 2017					Respectfully submitted,

| | |
|---|---|
| **OF COUNSEL:** | **FOR PLAINTIFF, THE UNITED STATES OF AMERICA:** |
| MALINI MITHAL<br>Acting Associate Director<br>Division of Financial Practices | KENNETH MAGIDSON<br>U.S. Attorney<br>Southern District of Texas |
| HEATHER ALLEN<br>Acting Assistant Director<br>Division of Financial Practices | CHAD A. READLER<br>Acting Assistant Attorney General<br>Civil Division |
| MICHAEL WHITE<br>GREGORY A. ASHE<br>Federal Trade Commission<br>600 Pennsylvania Avenue NW<br>Room CC-10232<br>Washington, DC 20580<br>Telephone: 202-326-3196 (White)<br>Telephone: 202-326-3719 (Ashe)<br>Facsimile: 202-326-3768<br>Email: mwhite@ftc.gov, gashe@ftc.gov | MICHAEL S. BLUME<br>Director<br>Consumer Protection Branch<br><br>ANDREW CLARK<br>Assistant Director<br>Consumer Protection Branch<br><br> */s/ Jocelyn C. Hines*<br>JOCELYN C. HINES<br>Trial Attorney<br>Consumer Protection Branch<br>U.S. Department of Justice<br>P.O. Box 386<br>Washington, DC 20044<br>Pennsylvania Bar ID 321017<br>Telephone:  202-598-2647<br>Facsimile: 202-514-8742<br>Email: Jocelyn.C.Hines@usdoj.gov |

## CERTIFICATE OF SERVICE

      I hereby certify that I emailed a true and correct copy of the foregoing instrument to Mr. William C. MacLeod and Ms. Sharon K. Schiavetti, attorneys for Defendant, on February 14, 2017.  Ms. Sharon K. Schiavetti agreed to accept service of this document by email on behalf of Defendant:

        William C. MacLeod
        Sharon K. Schiavetti
        Kelley Drye & Warren LLP
        3050 K Street NW, Suite 400
        Washington, DC 20007
        Telephone:  202-342-8811
        Fax: 202-342-8451
        Email: wmacleod@kelleydrye.com

        *Counsel for Defendant*

        */s/ Jocelyn C. Hines*

        JOCELYN C. HINES
        Trial Attorney
        Consumer Protection Branch
        U.S. Department of Justice
        P.O. Box 386
        Washington, DC 20044
        Pennsylvania Bar ID 321017
        Telephone: 202-598-2647
        Facsimile:  202-514-8742
        Email: Jocelyn.C.Hines@usdoj.gov